IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DR. PINGHUA WANG,

    Plaintiff,

v.

GEORGIA HIGHLANDS COLLEGE
and BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF
GEORGIA,

    Defendants.

CIVIL ACTION FILE

NO. 1:12-CV-01280-TWT-GGB

## **ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

In this employment discrimination action, Dr. Pinghua Wang ("Plaintiff") brings claims against Georgia Highlands College and the Board of Regents of the University System of Georgia (collectively, "Defendants"). This case is now before the Court on Defendants' Motion to Dismiss in Lieu of Answer (Doc. 4), Plaintiff's Motions for Additional Service of Summons (Docs. 5, 10), Plaintiff's Amended Motion Opposing Dismissal Motions Made by Defendants (Doc. 11), and Plaintiff's Motion for Default Judgment (Doc. 25). Also pending are motions by both parties for an extension of time to conduct the Rule 26(f) conference (Docs. 31, 33). For the reasons stated below, I **RECOMMEND** that Defendants' motion to dismiss be **DENIED** and that Plaintiff's Motion for Default Judgment be **DENIED**. Plaintiff's Motions for Additional Service

of Summons and Amended Motion Opposing Dismissal Motions are **DENIED AS MOOT**. The parties' motions for an extension of time to conduct the Rule 26(f) conference is **GRANTED**.

I.   **Motion to Dismiss**

Plaintiff filed the complaint in this matter on April 16, 2012. (Doc. 1). On May 11, 2012, Defendants moved to dismiss the complaint for insufficient service of process. (Doc. 4). Defendants explained that Plaintiff had mailed a copy of the summons and complaint to the Chancellor of the Board of Regents. (Doc. 4-1 at 1-2). Defendants argued that such service was insufficient because the Federal Rules of Civil Procedure require personal service upon a state government entity. (Id. at 2)(citing Fed.R.Civ.P. 4(j)).

After Defendants filed their motion to dismiss, Plaintiff arranged for personal service on the relevant officers for Georgia Highlands College and the Board of Regents. (See Doc. 22). Because Plaintiff perfected service within the 120-day time frame established by Fed.R.Civ.P. 4(m), I **RECOMMEND** that Defendants' Motion to Dismiss be **DENIED**. As Defendants already have been properly served, Plaintiff's Motions for Additional Service of Summons (Docs. 5, 10) are **DENIED AS MOOT**.

2

Plaintiff's Amended Motion Opposing Dismissal Motions Made by Defendants (Doc. 11) is **DENIED AS MOOT**.

## II.   Motion for Default Judgment

Plaintiff has filed a motion for a default judgment. (Doc. 25). Rule 55 of the Federal Rules of Civil Procedure permits an entry of default to be made by the Clerk of the Court when a party fails "to plead or otherwise defend" as required by the Federal Rules. Fed.R.Civ.P. 55(a). Once the Clerk enters a default, a plaintiff may move for a default judgment. Fed. R. Civ. P. 55(b)(2). Before a default judgment may be obtained under Rule 55(b)(2), a default must have been entered by the Clerk under Rule 55(a). See 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure, § 2682 n.1 (3rd ed. 1998)(citing cases).

In this case, Plaintiff's Motion for a Default Judgment must be denied for two reasons. First, Plaintiff did not ask the clerk to enter a default against Defendants, as required by the Federal Rules. See Fed. R.Civ.P. 55(a). Second, and more importantly, Defendants have not failed to plead or defend in this action. Defendants filed a timely motion to dismiss on May 11, 2012 (Doc. 4).[1]  Because Defendants have appeared to

---

[1] Defendants also filed a timely answer after they were personally served with process. (Doc. 23).

defend in this action, I **RECOMMEND** that Plaintiff's Motion for Default Judgment (Doc. 25) be **DENIED**.

## III. Motions for Extension of Time to Conduct Rule 26(f) Conference

Under Rule 26(f) of the Federal Rules of Civil Procedure, the parties must conduct a discovery planning conference. At the conference, "the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed.R.Civ.P. 26(f)(2). In this case, the parties have requested an extension of time in which to conduct the conference. Although the parties have not requested a specific deadline, it appears from the parties' motions that they will be available to hold the hearing at some point between July 25 and August 8, 2012.[2] Accordingly, the Court **GRANTS** the motions for an extension of time and sets a new deadline of **August 8, 2012**, for conducting the Rule 26(f) conference. The Joint Preliminary Report and Discovery Plan will be due 14 days after the Rule 26(f) conference.

---

[2]Defendants' counsel has a leave of absence scheduled from July 12 through July 24.

4

The parties have expressed interest in holding the Rule 26(f) conference at the District Court. My chambers has a jury room where the parties may hold the conference. Once the parties have agreed upon the date and time, they may contact my Courtroom Deputy Clerk, Suzy Edwards, at telephone number (404) 215-1365 to finalize the scheduling arrangements.

Finally, Plaintiff has requested some guidance as to how to serve legal documents on the Defendants. Plaintiff may serve her documents by mailing them to opposing counsel, Attorney Cowart. There is no need for Plaintiff to directly serve the Board of Regents or Georgia Highlands College, as Defendants' counsel will be responsible for keeping them informed of the progress of this litigation. Rule 5 of the Federal Rules of Civil Procedure provides further information as to how documents should be served.

**IV. Conclusion**

For the reasons stated above, I **RECOMMEND** that Defendants' Motion to Dismiss (Doc. 4) be **DENIED** and that Plaintiff's Motion for Default Judgment (Doc. 25) be **DENIED**.

Plaintiff's Motions for Additional Service of Summons (Docs. 5, 10) and Amended Motion Opposing Dismissal Motions (Doc. 11) are **DENIED AS MOOT**.

AO 72A
(Rev.8/82)

The parties' Motions for an Extension of Time to Conduct the Rule 26(f) Conference (Docs. 31, 33) are **GRANTED**.

**IT IS SO RECOMMENDED and ORDERED** this 17th day of July, 2012.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)