IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. PINGHUA WANG, | |
|     Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:12-CV-1280-TWT-GGB |
| GEORGIA HIGHLANDS COLLEGE, BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, | |
|     Defendants. | |

## **FINAL REPORT AND RECOMMENDATION**

This employment discrimination case is before the Court on the Motion to Dismiss For Want of Prosecution filed by Defendants Georgia Highlands College and the Board of Regents of the University System of Georgia (Doc. 81). The Plaintiff, Dr. Pinghua Wang, opposes the motion to dismiss. (See Doc. 83). For the reasons stated below, I **RECOMMEND** that the Motion to Dismiss (Doc. 81) be **GRANTED**.

### **I. Background**

Plaintiff's complaint asserts that she was terminated from her professorship at Georgia Highlands College based upon her national origin, in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1). I scheduled a status conference in this case for

October 11, 2012, to discuss issues concerning discovery with the parties. (Doc. 55). Two days before the hearing, Plaintiff filed a motion to cancel the status conference.[1] (Doc. 59). Her motion did not, however, set forth any reasons as to why the conference should not go forward. (See id.). Therefore, I went forward with the hearing as scheduled. Plaintiff failed to appear for the hearing. (See Doc. 60). In addition, Plaintiff never contacted my chambers prior to the hearing to determine whether there had been a ruling on her motion to cancel or whether the hearing would go forward as scheduled.

Defendants noticed Plaintiff's deposition for Friday, November 16, at 10:00 am. (Doc. 70). On November 13, Plaintiff filed an objection to the noticed deposition in which she stated only, "Please see federal rules of civil procedure rule 28(c)." (Doc. 73). Plaintiff ultimately did not appear for the deposition. (See Doc. 81, Deposition of Pinghua Wang).

## II. Discussion

In their motion, Defendants argue that Plaintiff's case should be dismissed based upon, among other things, Plaintiff's non-appearance at her deposition and her failure

---

[1] Plaintiff filed this motion on October 9, but it was not entered on the electronic docket until October 10, and the Court did not receive electronic notice of the motion via CM/ECF until the morning of October 11.

2

to attend the October 11 status conference. (Doc. 81). Plaintiff has not filed a formal response to Defendants' motion, but in a document entitled, "Request: Pretrial Discovery," she objects to Defendants' assertion that she has failed to prosecute. (Doc. 83). Plaintiff writes that she "doesn't want to say much" because she has "already made numerous explanations" in court filings, during consultations with opposing counsel, and in her preliminary report and discovery plan. (Id.). She does not, however, give a clear explanation as to why she failed to attend the status conference or her deposition.

In a later filing entitled "Request Judge's Immediate Actions," Plaintiff asserts that the deposition request "was not only on short notice, but also it did not specify agreeable terms which are protected under federal rule of civil procedure Rule 26(c)." (Doc. 87 at 1). In particular, she states that the notice did not indicate who would appoint "the officer" and did not disclose any information about "the officer." (Id. at 1-2).

A district court may, on motion by the defendant, dismiss an action if the plaintiff has failed to comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 41.3(A)(2), NDGa. A court also may impose sanctions on a party who has failed to appear at a pretrial conference, Fed.R.Civ.P. 16(f)(1)(A), or who has failed to attend her own

3

deposition, Fed.R.Civ.P. 37(d)(1)(A)(i). Both Rule 16 and Rule 37 authorize dismissal of an action as a possible sanction. Fed.R.Civ.P. 16(f); Fed.R.Civ.P. 37(b)(2)(A)(v).

In this case, I am recommending that Plaintiff's case be dismissed due to her failure to attend the October 11 status conference and her non-appearance at her November 16 deposition. "[T]he sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do." Hashemi v. Campaigner Publ'ns, Inc., 737 F.2d 1538, 1538-39 (11th Cir. 1984). Nevertheless, "the district court retains the discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders." Id. at 1539 (quotation omitted).

As described above, Plaintiff failed to appear for the October 11, 2012, status conference. (See Doc. 60). Although Plaintiff did move to cancel the status conference, her motion did not offer any reasons as to why the hearing should be cancelled, and I did not grant the motion prior to the hearing. (See Doc. 59). Thus, Plaintiff's attendance at the hearing was not excused. With regard to whether this violation was willful, I note that Plaintiff made no attempt to contact my chambers prior to the hearing to determine whether her motion to cancel had been granted or whether the hearing would still go forward as scheduled.

4

Plaintiff also failed to attend her deposition scheduled for November 16, 2012. (See Doc. 81, Deposition of Pinghua Wang). Although Plaintiff filed an objection to her deposition notice, (see Doc. 73), the Court did not issue a protective order at that time. Thus, Plaintiff still was required to attend her deposition. See Kelly v. Old Dominion Freight Line, Inc., 376 F.App'x 909, 913 (11th Cir. 2010) ("The district court's inaction on a party's motion for a protective order to postpone the taking of his deposition does not relieve the party of the duty to appear for the deposition.") (citing Hepperle v. Johnston, 590 F.2d 609, 613 (5th Cir. 1979)).

In any event, Plaintiff's objection to her deposition notice was meritless. In her objection, Plaintiff only made a conclusory assertion that Fed.R.Civ.P. 28(c) had been violated. (See Doc. 73). That rule states that "[a] deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action." Fed.R.Civ.P. 28(c). Here, there is no indication that the court reporter was a relative, employee, or attorney of Defendants, was related to or employed by Defendants' attorney, or had a financial interest in this action. Thus, Fed.R.Civ.P. 28(c) does not apply.

AO 72A
(Rev.8/82)

Plaintiff suggests that the notice to take her deposition was improper because it was on "short notice" and because it did not disclose the identity of the court reporter. (See Doc. 87 at 1-2). With respect to the timing, there is no evidence that Plaintiff ever requested an extension or suggested an alternate date to Defendants. Instead, she merely objected based upon Fed.R.Civ.P. 28(c). (See Doc. 73). Also, there is no requirement that a party must list the name of the court reporter when noticing a deposition. See Fed.R.Civ.P. 30(b)(1) (stating that a notice of deposition must contain only "the time and place of the deposition and, if known, the deponent's name and address.").[2]

To sum up, Plaintiff has not provided any adequate justification for her failure to attend the October 11, 2012, status conference or her non-appearance at her November 16 deposition. Although I acknowledge that dismissal of a case is an "extreme remedy," see Hashemi, 737 F.2d at 1538, I believe that Plaintiff's actions indicate that she is unwilling to cooperate in the discovery process. Accordingly, I recommend that Plaintiff's case be dismissed pursuant to Fed.R.Civ.P. 41(b) and Local Rule 41.3(A)(2), NDGa.

---

[2]If Plaintiff was concerned that Defendants might select a person who was disqualified from taking a deposition under Fed.R.Civ.P. 28(c), the proper course of action would have been to appear for the deposition, learn the court reporter's identity, and object as appropriate.

6

Defendants also ask the Court to order Plaintiff to pay the costs of her deposition, which total $150.00. (Doc. 81 at 7; Doc. 81-4, Invoice). Where a party fails to attend a deposition and the failure is not excused, the court must order that party to pay the costs of the deposition, unless the failure to attend "was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3). Here, for the reasons discussed above, I conclude that Plaintiff's failure to attend her deposition was not substantially justified. Accordingly, I recommend that Plaintiff be ordered to pay $150.00 to cover the costs of her deposition.

### III. Conclusion

For the reasons stated above, I **RECOMMEND** that Defendants' Motion to Dismiss For Want of Prosecution (Doc. 81) be **GRANTED**. This case will now be submitted to the District Judge for a final ruling on the Motion to Dismiss. Should the District Judge deny motion to dismiss, the undersigned will issue an order addressing the outstanding discovery motions and the other motions pending on the docket.

IT IS SO RECOMMENDED this 11th day of February, 2013.

*Gerrilyn G. Brill*

AO 72A
(Rev.8/82)

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)